## BASS v. BROOKS.

The preliminary evidence went to prove that a paper was delivered to defendant, he might prove its loss by his own oath.

BROOKS recovered a judgement before a justice of the peace, against Bass for $40, and he brought the case to the Circuit Court by *certiorari*.

The action was on a promissory note, dated 14th April, 1824, payable at 30 days. Bass plead usury and payment, on which issues were joined. Verdict and judgement for the plaintiff.

On the trial, the defendant to shew the usury and the consideration of the note, proved that in or about October, 1823, Brooks on two occasions, advanced to him to the amount of $1100 and defendant gave two receipts, specifying the sums advanced, and stipulating to deliver cotton to the amount, at $2 50 per hundred in the seed, which was the market price; that in February, 1824, one Martin, for Bass, delivered cotton to Brooks, in part payment, leaving $461 25 with interest, due on account of the advances. That at Martin's house, Brooks and Bass afterwards came to a settlement, and for the balance and the indulgence of     months, Bass gave the note in question, and ten others of the same sum, making an aggregate of $550. Sundry witnesses having been examined to establish these and other facts; on the examination of Horton, a witness as to the dates and contents of said receipts, the plaintiff's counsel objected, and moved to exclude the whole of the testimony to shew the contents of said receipts, unless their absence should be legally accounted for. The evidence to shew that they had been surrendered to Bass, in substance was, that in the settlement at Martin's house, Martin did not recollect distinctly the precise balance due to Brooks, but the original debt was admitted to be $1100, and after considering the cotton delivered to be 2500 pounds, it was agreed that Bass should give, and he gave the eleven notes aforesaid, in discharge of the contract, but whether the receipts were present or surrendered, the witness did not notice. Martin proved that on the same day the parties went to his house, about four miles distant, when Brooks objecting to the wording of the notes, Bass wrote ten or

twelve other notes and gave them to Brooks, and Brooks surrendered to him between ten and thirteen papers, which Martin did not read, but from the conversation understood, that the cotton contracts or receipts were among them. The counsel for the defendant then offered to shew by his affidavit, the loss or destruction of the receipts, but the Court rejected it, on the ground that the receipts had not by the proof been sufficiently traced to defendant's possession, and excluded from the jury the testimony which had been offered, as to the contents of the receipts. To which the defendant excepted, and assigned here the matter of the bill of exceptions as error.

Bass
v
Brooks

KELLY and HUTCHINSON for plaintiff.

CLAY and M'CLUNG, for defendant in error.

JUDGE CRENSHAW delivered the opinion of the Court.

THE question in this case is, was the evidence of the existence and surrender of the two receipts, sufficient to authorize Bass to prove their loss by his own oath? I take the correct rule to be, that a party who offers by his own oath to prove the loss or destruction of a written instrument, must first by evidence *aliunde*, shew that it did once exist, and this evidence must so describe it as to put its identity beyond a doubt, and then the oath of the party can be received to prove its loss, and the testimony of disinterested witnesses added to shew its contents. It is difficult for a witness to describe an instrument of writing, without at the same time proving its contents; such testimony would of course be excluded from the jury, if the party failed afterwards to establish the loss of the instrument. When the paper is of such a nature, as according to the usual course of business should not be in the party's possession, it should be proved by other testimony, that it came to his possession, before his own oath could be received to establish its loss. It should have been proved, that the receipts in question were delivered up, before the party could prove their loss by his own oath. A part of the evidence went to prove that they did once exist, and to describe and identify them. Another part went to prove that they were delivered up to Bass. This was sufficient to authorize him to establish their loss by his own oath, in order to let in secondary evidence of their contents. It is the unanimous opinion of the Court, that the judgement be reversed and the cause be remanded.